UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

IMPAX LABORATORIES, INC.,

    Plaintiff,

        v.

ZYDUS PHARMACEUTICALS (USA), INC. et al.,

    Defendants.

Civil Action No. 17-13476 (SRC)

**OPINION & ORDER**

**<u>CHESLER</u>, U.S.D.J.**

    This matter comes before the Court on two *motions in limine*, one by Plaintiff Impax Laboratories, Inc. ("Impax"), the other by Defendants Cadila Healthcare Ltd. and Zydus Pharmaceuticals (USA), Inc. (collectively, "Zydus"). For the reasons that follow, both motions will be denied.

    This case arises from a patent infringement dispute involving a pharmaceutical patent, U.S. Patent No. 9,089,608 ("the '608 patent"). Claim 21 of this patent is at issue. The preamble of claim 21 states: "A controlled release oral solid formulation of levodopa having a median levodopa plasma or serum concentration profile comprising:" Zydus moves to bar expert testimony at trial on the subject of the method a POSA would use to generate a median plasma or serum concentration profile. Zydus argues that such testimony is improper as a new area of claim construction, not previously disclosed.

    Impax, in opposition, states that it will not use such testimony to argue any claim construction. Rather, Impax contends, it will offer such testimony to counter Zydus's

contention that the patent is void for indefiniteness.

The parties have thus resolved this dispute without Court intervention. Zydus has moved to bar the use of testimony to construe the preamble of claim 21, and Impax has declared that it will not offer any testimony for that purpose. Zydus' *motion in limine* will be denied as moot.

Impax moves *in limine* to bar expert testimony on matters and theories not disclosed in the experts' reports. Impax states that it has seen "hints" that Zydus may attempt to do so. Zydus, in opposition, contends that this is a matter better addressed at trial, and this Court agrees. The parties all know that, at trial, the Court will not admit expert testimony that has not been previously and properly disclosed. This will be a bench trial, and the Court will cross this bridge if and when it comes to it. Impax's *motion in limine* will be denied without prejudice, and may be renewed at trial.

For these reasons,

**IT IS** on this 24th day of March, 2020

**ORDERED** that Plaintiff's *motion in limine* (Docket Entry No. 198) is **DENIED** without prejudice, and may be renewed at trial; and it is further

**ORDERED** that Defendants' *motion in limine* (Docket Entry No. 196) is **DENIED**.

                                               s/ Stanley R. Chesler
                                              Stanley R. Chesler, U.S.D.J.